```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DELAINE BALDWIN,                         :
          Plaintiff,                     :
                                         :              PRISONER
     v.                                  :     Case No. 3:08-cv-1885(AVC)
                                         :
DEPARTMENT OF CORRECTION, et al.,        :
          Defendants.                    :
```

## RULING AND ORDER

The plaintiff filed this action against the defendants, the Department of Correction, Commissioner Lantz, Director of Medical, Chief Medical Examiner and Warden Murphy.  On March 31, 2009, the court dismissed the complaint and afforded the plaintiff twenty days within which to file a motion to reopen judgment and an amended complaint.  The court stated that the plaintiff would be permitted to amend his complaint if he could allege facts that provided a basis for supervisory liability with respect to the defendants, Lantz, Medical Director or Chief Medical Examiner.  The court also instructed the plaintiff that any amended complaint must identify all of the defendants, that is, the full names and current work addresses of the defendants Medical Director and Chief Medical Examiner.  See Document #7.

The plaintiff has not complied with the court's instructions.  First, he has not filed a motion to reopen judgment.  Second, he has not filed an amended complaint.  Instead, the plaintiff submitted four pages that he proposes be added to the original complaint.  Third, he has not identified

the defendants, Medical Director and Chief Medical Examiner.

With respect to the new material that the plaintiff proposes be added to the original complaint, "[c]ommon sense dictates that a party requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general rules of pleading in Fed. R. Civ. P. Rule 8(a)." Brownes v. City of Gary, Indiana, 112 F.R.D. 424, 425 (N.D. Ind. 1986).  This is necessary "so that the court and the adverse party will know the precise nature of the pleadings changes being proposed."  Id.  In addition, because an amended complaint completely replaces the original complaint, it should name all of the defendants in the case caption and include all of the claims and requests for relief.  See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978).

Finally, even if plaintiff had filed a proper amended complaint, he has not corrected the deficiencies set forth in the court's previous order.  Although all claims asserted on behalf of the plaintiff's deceased brother were dismissed with prejudice, the plaintiff continues to refer to those claims. Further, leave to amend was granted only to enable the plaintiff to allege facts showing supervisory liability by the defendants, Lantz, Medical Director and Chief Medical Examiner.  None of these defendants is referenced in the additional materials

submitted.  The only factual allegations refer to medical staff members who are not defendants in this case.

For the foregoing reasons, plaintiff's motion to amend [**doc. #9**] is **DENIED**.

**SO ORDERED** this 15th  day of May 2009, at Hartford, Connecticut.

                                            / s /
                                       Alfred V. Covello
                                       United States District Judge